IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT  ALL CASES |

## CASE MANAGEMENT ORDER NO. 1

It appearing that this case may merit special attention as complex litigation, the court ORDERS:

1.     Initial Conference. The court will hold the initial case management conference on January 9, 2018, at 10:00 a.m. in Courtroom 2108, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.

(a) Attendance. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. Mr. David Worley will make arrangements for others to monitor the conference by telephone.  A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during

the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) Service List. This order is being served electronically on the persons registered with the Northern District of Georgia's CM/ECF system and appearing as counsel in any of these cases currently filed in or transferred to this court. The clerk's office will mail copies of the order to others. Counsel are requested to forward a copy of the order to other attorneys who should be notified of the conference. After the initial conference, all attorneys participating in these cases will be required to be registered with the court's CM/ECF system.

(c) Other Participants. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2.    Purposes and Agenda. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda.

3.      Preparations for Conference

(a)      Procedures for Complex Litigation. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b)      Initial Conference of Counsel. Before the conference, counsel should confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

(c)      Preliminary Reports. Counsel will submit to the court by January 5, 2018, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.

(d)    List of Affiliated Companies and Counsel. To assist the court in identifying any problems of recusal or disqualification, counsel will submit to the court by January 8, 2018, a list of all companies affiliated with the parties and all counsel associated in the litigation.

(e)    List of Pending Motions. Counsel's statement shall list all pending motions.

4.    Interim Measures. Until otherwise ordered by the court:

(a)    Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation. Association of local co-counsel is not required.

(b)    Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c)    Pending and New Discovery. Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification

and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d)     Motions. No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

(e)     Orders of Transferor Courts. All orders by transferor courts imposing dates for pleading or discovery are vacated.

5.     Later Filed Cases. This order shall also apply to related cases later filed in, removed to, or transferred to this court.

6.     Applications for Lead and Liaison Counsel Appointments. The court intends to appoint plaintiffs' lead counsel and a plaintiffs' steering committee, as well

as plaintiffs' liaison counsel. The application process for these positions will be discussed at the conference. The court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

SO ORDERED, this 8th day of December, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
Chief United States District Judge